IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JEROME ANDREW BURNETT,** | |
| *Plaintiff*, | |
| v. | Civil No.: 1:23-cv-00376-JRR |
| **ALDI, INC. MARYLAND,** | |
| *Defendant*. | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Plaintiff's "Motion for Federal Rule 60 – Relief from a Judgment or Order of 1938 (a)(b)(1)(2)(3)(4)(6)(c)(1)(d)(1)(3)" (ECF No. 46) and "Motion for Federal Rule 60(a)(b)(3)(4)(6)(c)(1)(d)(1)(3) – Relief from a Judgment or Order of 1938 amended in 2007" (ECF No. 49) (collectively, the "Rule 60 Motions"). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2023).

**I.  BACKGROUND**

On February 9, 2023, Plaintiff Jerome Andrew Burnett initiated this action against Defendant Aldi, Inc. Maryland alleging violations of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, and the Occupational Safety and Health Act. (ECF No. 1.) On January 4, 2024, the court granted Defendant's motion to dismiss (ECF No. 20) and dismissed Plaintiff's complaint. (ECF No. 39.) Thereafter, Plaintiff filed a motion for reconsideration pursuant to, as the court construed it, Rule 59(e). (ECF No. 40.) On May 7, 2024, the court denied the motion for reconsideration and closed the case. (ECF No. 42.) On October 4, 2024, Plaintiff filed a notice of appeal. (ECF No. 43.) The Fourth Circuit subsequently dismissed Plaintiff's appeal. (ECF No. 48.) On January 22, 2025, Plaintiff filed his first Rule 60 Motion. (ECF No. 46.) Nine days later, he filed his second Rule 60 Motion. (ECF No. 49.)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 60(a) permits a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." FED. R. CIV. P. 60(a). Rule 60(a) allows "courts to perform mechanical adjustments to judgments, such as correcting transcription errors and miscalculations," as well as "to perform a completely ministerial task' (such as 'making a judgment more specific in the face of an original omission')." *Sartin v. McNair L. Firm PA*, 756 F.3d 259, 265 (4th Cir. 2014) (quoting *Caterpillar Fin. Servs. Corp. v. F/V Site Clearance I*, 275 F. App'x 199, 204 (4th Cir. 2008)). It similarly authorizes courts to correct mistakes that occur based upon an inconsistency between the text of an order and the court's intent or where an "unintended ambiguity that obfuscates the court's original intent." *Id.* at 266. However, the Fourth Circuit has cautioned that "a court may not employ Rule 60(a) to reconsider a matter that has already been decided," explaining:

> The basic distinction between clerical mistakes and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of blunders in execution whereas the latter consist of instances where the court *changes its mind,* either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination.

*Id.* (quoting *Rhodes v. Hartford Fire Ins. Co.,* 548 F. App'x. 857, 859–60 (4th Cir. 2013) (per curiam)). Given that the substance of Plaintiff's assertions are well beyond such clerical mistakes, his arguments are properly analyzed under Rule 60(b).[1]

---

[1] Plaintiff's Rule 60 Motions also appear to seek relief under Rule 60(c)(1) and Rule 60(d)(1) and (3). (ECF Nos. 46, 49.) Rule 60(c) pertains to the timeliness of a Rule 60 motion and is not an independent basis for relief. Rule 60(d)(1) is not applicable here because Plaintiff has not brought an independent action. Rule 60(d)(3) "permits a court to exercise its inherent equitable powers to obviate a final judgment after one year for 'fraud on the court.'" *Fox ex rel. Fox v. Elk Run Coal Co.*, 739 F.3d 131, 135–36 (4th Cir. 2014). It "creates an exception to the one-year limitations period for claims of fraud on the court," but nonetheless should be construed "very narrowly" as "it contemplates only egregious forms of fraud that 'cannot necessarily [be] expect[ed] to be exposed by the normal adversary process.'"

"Federal Rule of Civil Procedure 60(b) permits 'a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" *Kemp v. United States*, 596 U.S. 528, 533 (2022) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)).  In particular, Rule 60(b) provides—"On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:"

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

"To prevail, a party must first demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Justus v. Clarke*, 78 F.4th 97, 105 (4th Cir. 2023), *cert. denied sub nom. Dotson v. Justus*, 144 S. Ct. 1096 (2024) (footnotes omitted) (quoting *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017)).  "Once a party has met this threshold, he must then show that he qualifies for relief under one of the six specific categories listed in Rule 60(b)." *Id.* at 105–106 (citing *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)).

---

*United States v. Lindsey*, No. 24-6436, 2025 WL 314154, at *1 (4th Cir. Jan. 28, 2025) (quoting *Fox*, 739 F.3d at 136).  For the same reasons discussed *infra*, the court finds no such egregious fraud.

3

## III.   ANALYSIS

In essence, Plaintiff's Rule 60 Motions seek relief from judgment because this court's prior memorandum opinion and order dismissing his Complaint was in error.[2] "In general 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citations omitted). "Importantly, 'Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue;'" "[w]here the motion is nothing more than a request that the district court change its mind . . . it is not authorized by Rule 60(b)." *Lamb v. Spencer*, No. 8:16-CV-02705-PX, 2019 WL 2921787, at *2 (D. Md. July 8, 2019) (quoting *United States v. Williams*, 674 F.2d 310, 312, 313 (4th Cir. 1982)).

Even assuming without deciding that Plaintiff has met the threshold showing to seek relief under Rule 60(b), Plaintiff has not shown relief from judgment is warranted. The crux of Plaintiff's Rule 60 Motions appears to be that this court's decision was contrary to law. Mere disagreement is an insufficient basis for relief pursuant to Rule 60(b). Moreover, as the court already stated, it discerns no clear error of law on its part; and Plaintiff does not set forth a coherent argument as to same. For this reason, Plaintiff's Rule 60 Motions are unavailing. Nonetheless, the court will proceed to consider each asserted basis for Plaintiff's Rule 60 Motions.

### A.   Rule 60(b)(1): Mistake, Inadvertence, Surprise, or Excusable Neglect

Plaintiff argues the court should reconsider its previous order because the court's memorandum opinion and order dismissing his Complaint was based upon mistake, inadvertence, surprise, or excusable neglect. In particular, he asserts that the court's opinion "has perjury material" and that its decision purportedly upended a decision by an Administrative Law Judge's

---

[2] Plaintiff's filings border on unintelligible at times; the court has done its best to review and address his arguments asserted therein.

decision. (ECF No. 46 at p. 2.) While it is true that Rule 60(b)'s description of "mistake" includes a "judge's error of law," *see Kemp v. United States*, 596 U.S. 528, 533–34 (2022), the court discerns no error of law here. The court's decision was not based on disputed facts (*e.g.*, statements offered by Defendant to challenge the merits of Plaintiff's claim), but rather the sufficiency of Plaintiff's pleadings under the law. Accordingly, there is no issue of the court's reliance on perjurious statements. Additionally, Plaintiff's underlying allegations do not appear to pertain to a decision by an Administrative Law Judge ("ALJ"). Any ALJ decision regarding Plaintiff's social security disability insurance has no bearing on the court's opinion in this case. There is therefore no error of law in the court's opinion on that basis.

### B. Rule 60(b)(2): Newly Discovered Evidence

Plaintiff argues that relief from judgment is warranted because, had the court permitted discovery, "more evidence would have shown the Defendant did not pay [Plaintiff] for business calls conducted by [Defendant's] employees" and that he did not receive "just compensation." (ECF No. 46 at pp. 2–3.) Rule 60(b) provides that relief for judgment may be warranted were a party asserts "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." FED. R. CIV. P. 60(b)(2). This provision "is aimed at correcting an erroneous judgment stemming from the unobtainability of evidence." *Schultz v. Butcher*, 24 F.3d 626, 631 (4th Cir. 1994). It does not remove the requirement that a plaintiff must satisfy the pleading plausibility standard to "unlock the doors of discovery." *See St. Michael's Media, Inc. v. Mayor & City Council of Baltimore*, No. CV ELH-21-2337, 2023 WL 2743361, at *35 (D. Md. Mar. 31, 2023) ("Permitting plaintiffs to use discovery as a fishing expedition undermines the principle that only portions of a complaint which satisfy a plausibility standard, *i.e.*, more than possible and less than probable, should 'unlock the doors of

discovery.'") (quoting *Dudek v. Nassau Cnty. Sheriff's Dep't*, 991 F. Supp. 2d 402, 414 (E.D.N.Y. 2013)).  Plaintiff here has not asserted newly discovered evidence.  His Rule 60 Motions thus fail on this basis.

### C. Rule 60(b)(3): Fraud

Plaintiff further asserts that this court's order was invalid because Defendant's employees did not provide Plaintiff "just compensation" for business calls, constituting fraud.[3]  (ECF No. 46 at p. 3.)  "Rule 60(b)(3) states that a court 'may relieve a party' from a 'final judgment, order, or proceeding' for 'fraud . . . , misrepresentation, or misconduct by an opposing party.'"  *Morgan v. Tincher*, 90 F.4th 172, 177 (4th Cir. 2024) (quoting FED R. CIV. P. 60(b)(3)).  The court's analysis "does not assess the merits of a judgment, but instead focuses on whether the judgment was procured by unfair means."  *Id.* (citing *Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001, 1010 (4th Cir. 2014)).  "To obtain relief under Rule 60(b)(3) for 'misconduct,' the basis for the motion at issue here, the moving party must: (1) 'have a meritorious [claim or] defense'; (2) demonstrate misconduct by clear and convincing evidence, and (3) show that 'the misconduct prevented the moving party from fully presenting its case.'"  *Id.* (quoting *Schultz*, 24 F.3d at 630).

Plaintiff has not satisfied any factor here—he has not asserted a meritorious claim as set forth in this court's opinion; he has not demonstrated misconduct by clear and convincing conduct; and he has not shown that the misconduct prevented him from fully presenting his case.  Indeed, his claim of fraud is unsupported.  *See, e.g.*, *Lamar Anderson v. Health*, No. 1:24CV22, 2025 WL 343472, at *4 (M.D.N.C. Jan. 30, 2025), *report and recommendation adopted sub nom. Anderson v. Novant Health*, No. 1:24CV22, 2025 WL 589131 (M.D.N.C. Feb. 24, 2025), *aff'd,* No. 24-6260,

---

[3] Plaintiff also appears to argue that this court defrauded him by dismissing his Complaint.  (ECF No. 49 at p. 4–6.)  The court's consideration of a Defendant's motion to dismiss does not constitute fraud; and in any event, Plaintiff's (untrue) allegation is not properly raised under Rule 60(b)(3), which pertains to fraud by an opposing party.  *See* FED. R. CIV. P. 60(b)(3).

2025 WL 602765 (4th Cir. Feb. 25, 2025) (holding that an unsupported belief "does not provide a basis for relief from the Judgment due to fraud"); *Tyson v. Ozmint*, 246 F.R.D. 517, 521 (D.S.C. 2007) (holding that "unsupported allegations of fraud alone, without evidence, are not grounds for vacating a judgment under Rule 60(b)(3)" (citations omitted)).  Relief for judgment is therefore not warranted on this basis.

### D.  Rule 60(b)(4): Judgment is Void

Plaintiff argues that judgment is void because the court's decision is contrary to the United States Constitution.  (ECF No. 46 at p. 3–4.)  Rule 60(b)(4) permits relief from judgment where the judgment is void.  "An order is 'void' only if the court lacked personal or subject matter jurisdiction or acted contrary to due process of law."  *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017) (citing *Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005)).  Plaintiff has not challenged the court's personal or subject matter jurisdiction, nor has he coherently argued (let alone demonstrated) that the court's decision to dismiss his Complaint was contrary to due process of law.   This factor similarly does not provide a basis for relief from judgment.

### E.  Rule 60(b)(6): Any Other Reason that Justifies Relief

Finally, Plaintiff argues that relief is justified for the same reasons he has previously asserted—that the court's opinion was contrary to law, and because the court's opinion, according to him, constitutes sedition and treason.  (ECF No. 46 at p. 4; ECF No. 49 at p. 6.)

Rule 60(b)(6) permits the court to relieve a party from judgment for "any other reason that justifies relief."  FED. R. CIV. P. 60(b)(6).  "Rule 60(b)(6) 'provides the court with a grand reservoir of equitable power to do justice in a particular case.'"  *Justus v. Clarke*, 78 F.4th 97, 105 (4th Cir. 2023), *cert. denied sub nom. Dotson v. Justus*, 144 S. Ct. 1096 (2024) (quoting *Reid v. Angelone*,

369 F.3d 363, 374 (4th Cir. 2004)).  "Relief under this subsection is 'exceedingly rare.'"  *Lamb v. Spencer*, No. 8:16-CV-02705-PX, 2019 WL 2921787, at *3 (D. Md. July 8, 2019) (quoting *Williams v. Holley*, No. DKC-16-623, 2017 WL 550034, at *4 (D. Md. Feb. 10, 2017)).  It is only available "when Rules 60(b)(1) through (b)(5) are inapplicable." *Kemp*, 596 U.S. at 533.  A motion brought pursuant to Rule 60(b)(6) must raise "extraordinary circumstances" to justify reopening of the case.  *Id.* (citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863, n. 11 (1988)).  "Indeed, 'mere disagreement' with a court's legal analysis does not justify extraordinary relief under Rule 60(b)(6)'s 'catchall' provision." *LaTisha P. v. O'Malley*, No. CV SAG-21-2644, 2024 WL 5150519, at *3 (D. Md. Dec. 18, 2024) (quoting *Brault v. Trans Union, LLC*, No. GJH-18-3244, 2019 WL 7293396, at *4 (D. Md. Dec. 27, 2019)).

This case does not present such "extraordinary circumstances," and relief is therefore not warranted.  Plaintiff's argument is indeed mere disagreement with the court's legal analysis.  Moreover, he does not advance substantive legal argument that the court's legal analysis was in error; instead, Plaintiff relies on conclusory (and incorrect) assertions of law and myriad threats to this court.  Plaintiff asserts a "right to state a claim" under Title II of the Americans with Disabilities Act ("ADA").   He conflates rights protected under the ADA with the pleading standard of federal courts.  The court, again, discerns no clear error in its analysis; the court's order dismissing his Complaint pursuant to that standard does not constitute sedition or treason.

## IV.   CONCLUSION AND ORDER[4]

For the foregoing reasons, Plaintiff has failed to demonstrate that relief is warranted under Rule 60.  Accordingly, it is this 2nd day of May 2025,

---

[4] In contravention of this court's order at ECF No. 47, Plaintiff engaged in additional inappropriate email communications with the undersigned's chambers.  By sealed attachment to this court, the court discloses to Defendant Plaintiff's email communication as is necessary and appropriate.  The email communications, again, pose no conflict of interest or ethical concern for the court as to its capacity to serve in an unbiased, neutral, and fair manner.

**ORDERED** that Plaintiff's Rule 60 Motions (ECF Nos. 46, 49) shall be, and hereby, **DENIED**.

Madam Clerk shall transmit a copy of this order and its sealed attachment to Plaintiff and all counsel of record.

/s/
Julie R. Rubin
United States District Judge